**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-01022-REB-CBS

Jared Fuhrer,

    Plaintiff

v.

HSBC Mortgage Services, Inc.

    Defendant.

---

**FINAL PRETRIAL ORDER**

---

### 1.  DATE AND APPEARANCES

The final pretrial conference was held on May 15, 2015 at 11:00am. Matthew R. Osborne appeared on behalf of Plaintiff. Jeff M. Lippa appeared on behalf of Defendant.

### 2.  JURISDICTION

The Court has jurisdiction to hear Plaintiff's federal claims under 28 U.S.C. § 1331, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### 3.  CLAIMS AND DEFENSES

*Plaintiff:*  Plaintiff obtained a jury verdict for $60,000 against HSBC in April 2013. Plaintiff alleges that beginning in May 2013, HSBC reported false information

1

about Plaintiff to the credit reporting agencies. HSBC was also misapplying payments, adding improper fees and charges to the account, sending Plaintiff inaccurate Form 1098s for tax purposes, and failing to pay Plaintiff's homeowner's insurance premiums, even though Plaintiff was paying escrow each month to HSBC. Plaintiff sent HSBC qualified written requests pursuant to RESPA and C.R.S. § 38-40-103/104 in an attempt to get HSBC to fix the problems with his loan. HSBC failed to substantively respond to Plaintiff's letters, and Plaintiff also made a good faith effort to get HSBC to respond to his letters prior to commencing this action through phone calls and letter(s). HSBC acted with malice, i.e. actual knowledge or reckless disregard for the truth when it reported false information about Plaintiff to the credit reporting agencies. HSBC accepted Plaintiff's mortgage payments, but inexplicably failed to credit the payments to Plaintiff's loan, and instead apparently kept the money in a suspense / unapplied funds account without authorization. HSBC failed to conduct a reasonable investigation into the Plaintiff's disputes, and of any disputes HSBC received from the credit reporting agencies.

Plaintiff alleges the following claims against HSBC: willful and negligent violations of the FCRA, violations of RESPA and C.R.S. § 38-40-103/104, and defamation.

*Defendant*: On May 7, 2015, Magistrate Judge Shaffer issued recommendations that summary judgment enter on two of Plaintiff's claims. If those recommendations are adopted, the claims remaining for trial will be:

 1. <u>Negligent violation of the FCRA</u>. Plaintiff alleges that HSBC negligently

violated the FCRA by failing to conduct a reasonable investigation of Plaintiff's dispute letter to Equifax dated August 20, 2013. HSBC maintains that it conducted a reasonable investigation into the dispute and correctly verified the information being reported. At that point, Plaintiff's account was delinquent. The delinquency was not caused by HSBC failing to implement the terms of the jury's verdict as Plaintiff alleges; but instead, was based upon Plaintiff's unilateral decision to submit monthly payments less than the $1,217.71 required by the jury's verdict. In any event, Plaintiff has not suffered any actual damages as a result of HSBC's investigation.

2. <u>Violation of RESPA</u>. Plaintiff alleges that HSBC failed to respond to two Qualified Written Requests dated May 29, 2013 and July 19, 2013. HSBC maintains that the two letters – one of which was sent during the pendency of the state court litigation, and the other of which was sent two days after a final judgment in the state court litigation – do not constitute QWR's under RESPA. In any event, HSBC has no record of receiving the May 29, 2013 letter; and Plaintiff has not suffered any actual damages that are causally related to its alleged failure to respond to the letters.

3. <u>Violation of C.R.S. § 38-40-103/104</u>. Plaintiff's statutory claim mirrors his RESPA claim, except that it includes an additional requirement that Plaintiff make a good faith effort to resolve the dispute prior to filing suit. Plaintiff has adduced no evidence that he attempted to resolve his RESPA dispute between the time of the second QWR (July 19, 2013) and the filing of his complaint in this case (April 10, 2014). Plaintiff made a similar claim in the

state court action and was unsuccessful, which suggests that he knew or should have known about the additional requirement to make a good faith effort at resolution, and nevertheless failed to do so.

## 4. STIPULATIONS

1. Plaintiff filed bankruptcy in 2010.
2. As part of Plaintiff's bankruptcy proceeding, Plaintiff and HSBC entered into a reaffirmation agreement, which was approved by Judge Howard R. Tallman.
3. In 2011, a dispute arose between Plaintiff and HSBC regarding the correct amount of the Plaintiff's mortgage payment with HSBC.
4. In the state court action, Plaintiff argued his monthly payment should be $1,217.71.
5. In April 2013, Plaintiff and HSBC had a jury trial against each other. The jury awarded Plaintiff $60,000 on his breach of contract claim and rejected all other claims asserted by Plaintiff.
6. Final Judgment entered in the state court action on July 17, 2013.
7. On July 19, 2013, Plaintiff sent a letter to HSBC, which was received by HSBC on July 24, 2013. HSBC did not respond to the July 19, 2013 letter, other than sending Plaintiff a letter acknowledging receipt.

## 5. PENDING MOTIONS

HSBC's Motion for Partial Summary Judgment [Doc. # 67] and Plaintiff's Response to HSBC's Motion for Partial Summary Judgment [Doc. # 72].

## 6. WITNESSES

*Plaintiff:*

a. List the nonexpert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial: Jared Fuhrer, Mandy Fuhrer, and HSBC.

(2) witnesses who may be present at trial if the need arises: Equifax Information Services, LLC; Experian Information Solutions, Inc; Capital One Bank, Chase Bank, and First Bank.

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony: Dana St. Clair-Hougham.

b. List the expert witnesses to be called by each party. List separately:

(1) witnesses who will be present at trial: None.

(2) witnesses who may be present at trial: James Spray.

(3) witnesses where testimony is expected to be presented by means of a deposition and, if not taken steno graphically, a transcript of the pertinent portions of the deposition testimony: None.

*Defendant*:

(1) witnesses who will be present at trial: HSBC corporate representative Dana St. Clair-Hougham.

(2) witnesses who may be present at trial if the need arises: Equifax Information Services, LLC; Experian Information Solutions, Inc.

## 7. EXHIBITS

Copies of listed exhibits must be provided to opposing counsel and any *pro se*

party no later than 45 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 30 days before trial.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

1. HSBC's desire to introduce evidence of Plaintiff's prior settlements.

## 10.  SETTLEMENT

a. Counsel for the parties and any *pro se* party met *by* telephone on August 20, 2014, to discuss in good faith the settlement of the case.

b. The participants in the settlement conference, included counsel, party representatives, and any *pro se* party.

c. The parties were promptly informed of all offers of settlement.

d. Counsel for the parties and any *pro se* party do intend to hold future settlement conferences.

e. It appears from the discussion by all counsel and any *pro se* party that there is: some possibility of settlement.

f. Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

## 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have

discussed it with the clients against whom claims are made in this case.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice. The pleadings will be deemed merged herein. This Final Pretrial Order supersedes the Scheduling Order. In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

1. *Trial is to a jury,*
2. *Trial is estimated to take 3 days,*
3. *Trial will be held in Denver, CO.*

```
```
DATED this \_\_\_\_\_day of \_\_\_\_\_, 20\_\_.

BY THE COURT

_____
United States District Court Judge

APPROVED:

s/ Matthew R. Osborne #40835
10465 Melody Dr, Ste 325
Northglenn, CO 80234
Phone Number: 303-759-7018
E-mail: matt@mrosbornelawpc.com

*s/ Jeffrey M. Lippa*
Jeffrey M. Lippa, #36835
GREENBERG TRAURIG, LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado 80202
Tele: 303.572.6500
Fax: 303.572.6540
E-Mail: LippaJ@gtlaw.com